IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW ALWARD,                  :        No. 3:26cv1174
                                 :
                    Petitioner   :        (Judge Munley)
                                 :
          v.                     :
                                 :
WARDEN FCI-SCHUYLKILL,           :
                                 :
                    Respondent   :
.........................................................................................................

## MEMORANDUM

Petitioner Matthew Alward ("Alward"), an inmate confined at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Alward asks the court to transfer him to early supervised release in accordance with an incentive provision in the Second Chance Act of 2007.[1] (Id.; see also Doc. 9). Because Alward has failed to exhaust his administrative remedies, and the failure to exhaust is evident from the face of his Section 2241 petition, the court must dismiss his petition.

---

[1] On April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 697 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, went into effect. The Act contains provisions designed to aid prisoners in their return to society outside of prison and increases the duration of prerelease placement in an RRC from 6 to 12 months. 18 U.S.C. §§ 3624(c)(1), (c)(6)(C).

## I.    <u>Background</u>

Alward is serving a 120-month term of imprisonment imposed by the United States District Court for the Western District of Michigan for conspiracy to distribute, and possession with intent to distribute, 50 grams or more of methamphetamine.  <u>See</u> <u>United States v. Alward</u>, No. 1:19-cr-00261-1 (W.D. Mich.), Doc. 59.  His current projected release date is June 4, 2027, via FSA credit release.  (Doc. 1, at 1; <u>see</u> <u>also</u> FEDERAL BUREAU OF PRISONS' INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number 22732-040) (last visited May 14, 2026)).

Alward acknowledges that he has not exhausted his administrative remedies with respect to the claim in the instant habeas petition, however, he asserts that he should be excused from exhausting the administrative remedies due to futility.  (Doc. 1; Doc. 9, at 2-3).  In support of this argument, Alward contends that exhaustion is futile because pursuing his claim through the full administrative process would take too much time.  (<u>Id.</u>).

## II.    <u>Legal Standard</u>

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28

U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

III. **Discussion**

Dismissal of this case under Rule 4 is appropriate because Alward did not exhaust his administrative remedies.

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62.

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and— ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No

administrative remedy is considered fully exhausted until reviewed by the general counsel.  Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review.  Moscato, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is likewise not required when it would be futile.  Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).  "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."  Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

Alward concedes that he did not complete the BOP's administrative remedy program prior to filing the instant habeas petition.  (Docs. 1, 9).  He asserts that exhaustion would be "futile," (Doc. 1, at 1; Doc. 9, at 3), and contends that the administrative remedy process could take time to complete, and he should be released before the process is completed (see id.).  Alward has not made a "clear and positive showing" that exhaustion would be futile.  His argument does not provide a basis to excuse exhaustion, and this type of argument has been

4

consistently rejected by district courts.  See, e.g., Rodriguez v. Sage, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); Bortolotti v. Knight, No. 22-cv-6137, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022) ("Courts have rejected these time restriction arguments because they allow prisoners to engage in the self-serving strategy of waiting until it is too late to engage in the administrative remedy process, and then argue that there is insufficient time for those remedies to run their course.").

Alward also submits that he has exhausted his administrative remedies simply because he "reach[ed] out" to his Unit Team and the Warden, and "attempt[ed] to contact" the Regional Office.  (Doc. 1, at 2).  Alward's argument is unavailing.  Alward is obligated to complete the formal administrative appeal process.  He admits that he failed to do so.  Alward does not provide any basis to establish cause and prejudice to excuse his failure to fully complete the administrative remedy process.

Because Alward concedes that he has not exhausted his administrative remedies, and there does not appear to be any basis to excuse exhaustion, the

court will dismiss his petition without prejudice for failure to exhaust administrative remedies.  See Moscato, 98 F.3d at 762; Ryan v. United States, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing Moscato, 98 F.3d at 760)); see also Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (noting district courts' "inherent power to dismiss sua sponte a complaint which facially violates a bar to suit").

IV.    **Conclusion**

Consistent with the foregoing, the court will dismiss the petition for a writ of habeas corpus without prejudice for failure to exhaust administrative remedies. (Doc. 1).  An appropriate order shall issue.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:    May 21, 2026

6